2018 PA Super 274

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHANA SHAMANE RAMOS | : | |
| | : | |
| Appellant | : | No. 564 MDA 2018 |

Appeal from the Judgment of Sentence March 27, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0004040-2015

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

OPINION BY GANTMAN, P.J.:                    **FILED OCTOBER 10, 2018**

Appellant, Shana Shamane Ramos, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following her *nolo contendere* plea to criminal mischief, graded as a summary offense.[1]  For the following reasons, we vacate and remand for resentencing.

The relevant facts and procedural history of this case are as follows.  On September 1, 2015, Sherry Upton arrived home after work.  While walking to her front door she passed two vehicles parked in her driveway.  Her son, Everett Upton, owned one vehicle and her husband owned the other.  After entering her home, Ms. Upton heard a knock at her door and identified the knocker as Appellant, Shana Shamane Ramos.  Ms. Upton's son had ended his relationship with Appellant a week earlier.  To avoid communication with

---

[1] 18 Pa.C.S.A. § 3304(a)(5).

Appellant, Ms. Upton chose not to open the door and instead contacted her husband who then contacted the police. Appellant continued to knock for roughly forty-five minutes. When the knocking stopped, Ms. Upton looked out her window to see Appellant had gone. Ms. Upton went outside and found extensive damage to both vehicles in her driveway.

The Commonwealth charged Appellant on October 7, 2015, with criminal mischief, graded as a second-degree misdemeanor. On October 17, 2017, Appellant ultimately entered a *nolo contendere* plea for one count of criminal mischief as a summary offense. The court immediately sentenced Appellant to a fine of $50.00 plus court costs and then ordered a separate restitution hearing at a later date. The court rescheduled the restitution hearing for March 27, 2018. After the restitution hearing, the court ordered Appellant to pay $800.00 in restitution. Appellant filed a notice of appeal on March 29, 2018. The court ordered Appellant, on April 3, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on April 20, 2018.

Appellant raises three issues on appeal:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION OR COMMITTED AN ERROR OF LAW IN SENTENCING APPELLANT TO PAY RESTITUTION IN THE SUM OF $800.00.
>
> WHETHER THE COMMONWEALTH FAILED TO PROVIDE SUFFICIENT EVIDENCE TO PROVE THAT APPELLANT OWES RESTITUTION IN THE SUM OF $800.00.
>
> WHETHER THE COURT ISSUED AN ILLEGAL SENTENCE.

(Appellant's Brief at 1).

In her issues combined, Appellant argues imposition of restitution at a hearing six months after the initial sentencing constitutes an illegal sentence. Appellant also claims the court lacked tangible evidence to prove the victim actually had to pay for the damage Appellant caused. Finally, Appellant contests the court's imposition of restitution in the amount of $800.00 as completely speculative. Appellant concludes this Court should vacate the order of restitution. We cannot agree with Appellant's proposed resolution, but we do agree that some relief is due.

As a prefatory matter, the certified record reveals that the court initially imposed a generalized, open-ended sentence of restitution, which is a matter we can raise and review *sua sponte* as an illegal sentence. **See Commonwealth v. Mariani**, 869 A.2d 484 (Pa.Super. 2005) (explaining judgment of sentence including open restitution "to be determined at later date" is *ipso facto* illegal); **Commonwealth v. Deshong**, 850 A.2d 712, 713 (Pa.Super. 2004) (stating timeliness of court's imposition of restitution concerns legality of sentence). **See also Commonwealth v. Oree**, 911 A.2d 169, 172 (Pa.Super. 2006), *appeal denied*, 591 Pa. 699, 918 A.2d 744 (2007) (maintaining legality of sentence claims cannot be waived, given proper jurisdiction, and Superior Court can review illegal sentences *sua sponte*).

Issues concerning a court's statutory authority to impose restitution implicate the legality of the sentence. **Commonwealth v. Smith**, 956 A.2d

1029 (Pa.Super. 2008) (*en banc*), *appeal denied*, 605 Pa. 684, 989 A.2d 917 (2010). "Issues relating to the legality of a sentence are questions of law…." **Commonwealth v. Diamond**, 945 A.2d 252, 256 (Pa.Super. 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008). When the legality of a sentence is at issue, our "standard of review over such questions is *de novo* and our scope of review is plenary." **Id.** "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated…." **Commonwealth v. Pombo**, 26 A.3d 1155, 1157 (Pa.Super. 2011) (quoting **Commonwealth v. Bowers**, 25 A.3d 349, 352 (Pa.Super. 2011), *appeal denied*, 616 Pa. 666, 51 A.3d 837 (2012)).

In criminal proceedings, an order of restitution is a sentence (even when imposed as a condition of probation); it is not an award of damages; "recompense to the victim is secondary." **Mariani, supra** at 486(quoting **Commonwealth v. Wright**, 722 A.2d 157, 160 (Pa.Super. 1998)). The objectives of restitution differ from the objectives of awarding damages; although the amounts are related, they "need not be coterminous." **Id.** "[T]he primary purpose of restitution is rehabilitation of the offender by impressing upon [her] that [her] criminal conduct caused the victim's loss or personal injury and that it is [her] responsibility to repair the loss or injury as far as possible." **Commonwealth v. Solomon**, 25 A.3d 380, 389 (Pa.Super. 2011), *appeal denied*, 615 Pa. 766, 40 A.3d 1236 (2012) (quoting **Mariani, supra** at 486).

The Crimes Code governs the imposition of restitution as follows:

## § 1106.  Restitution for injuries to person or property

**(a)  General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

**(c)  Mandatory restitution.—**

(1)  The court shall order full restitution:

\* \* \*

(2)  **At the time of sentencing the court shall specify the amount and method of restitution.**  In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

\* \* \*

(3)  The court may, **at any time** or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2),

provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

(4)(i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

\* \* \*

18 Pa.C.S.A. § 1106(a), (c)(1)-(4)(i) (emphasis added). Section 1106(c)(2) includes "the requirement that if restitution is ordered, the amount must be **determined at the time of sentencing**...." **Commonwealth v. Dinoia**, 801 A.2d 1254, 1257 (Pa.Super. 2002) (emphasis in original).

It also placed upon the Commonwealth the requirement that it provide the court with its recommendation of the restitution amount at or prior to the time of sentencing. Although the statute provides for amendment or modification of restitution "at any time," 18 Pa.C.S.A. § 1106(c)(3), the modification refers to an order "made pursuant to paragraph (2)...." Thus, the statute mandates an initial determination of the amount of restitution at sentencing. This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary.

**Id.** (internal citations and footnote omitted). **See also Smith, supra** (holding court cannot impose generalized, open-ended restitution order at sentencing and then "work out the details" and amounts at later date; order of restitution "to be determined later" is *ipso facto* illegal); **Mariani, supra** (explaining Section 1106(c) has two, inextricable components: (1) time at which

- 6 -

restitution sentence must be imposed, *i.e.*, at sentencing hearing, and (2) specific nature of such sentence, *i.e.*, definite as to amount and method of payment). Thus, an order entered after the delayed restitution proceeding is not what renders the sentence illegal; it is the court's order at the initial sentencing, postponing the imposition of restitution until a later date, that fails in both respects to meet the criteria of the restitution statute and taints the entire sentence. ***Id.*** at 486; 18 Pa.C.S.A. § 1106.

As long as the sentencing court sets **some** amount and method of restitution at the initial sentencing, the court can later modify that order, but only if the requirements of Section 1106(c)(3) are met. ***Commonwealth v. Dietrich***, 610 Pa. 58, 970 A.2d 1131 (2009). This authority to modify restitution takes into account that the full amount of restitution might be indeterminable before sentencing under Pa.R.Crim.P. 704.[2] ***Id.***

Instantly, the court accepted Appellant's plea on October 17, 2017, and immediately ordered Appellant to pay a $50.00 fine, the costs of prosecution, plus restitution to be determined at a separate hearing later, without specifying an amount of restitution and a method of payment at the time of

---

[2] The ***Dietrich*** concept of modification is especially apt when the plea and sentencing occur on the same day, as in the present case. The Commonwealth, however, must still be prepared to present the court with the necessary evidence to support the imposition of restitution at the time of sentencing. Section 1106(c)(3), allowing for modification of an existing specific restitution order, cannot be used to circumvent or sidestep the principal requirements of Section 1106(c).

that sentencing. Pursuant to Section 1106(c)(2), the court had no authority to impose a generalized, open-ended sentence of restitution, but leave the amount and method of payment for decision at a later date. **See Mariani, supra**.

Here, the record makes clear the court intended restitution as an integral part of the sentencing scheme. Notwithstanding the statutory language and case law requiring imposition of some amount of restitution and a method of payment at the time of sentencing, we continue to see courts make a general order of restitution as part of the sentence but postpone the actual specifics to a later date. This practice is contrary to law. In other words, a sentence intended to include restitution, which is initially entered without a definite amount and a method of payment is illegal and must be vacated in its entirety. **See Smith, supra**; **Mariani, supra**; **Dinoia, supra**. Accordingly, we vacate both the March 27, 2018 order for restitution in the amount of $800.00 as well as the earlier October 17, 2017 sentencing order, and remand for resentencing. **See id.** Due to our disposition, we decline to address Appellant's issues regarding the dollar amount of restitution later ordered or the quantum of evidence to support it, as these particular issues are now moot and possibly subject to change at resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2018