J-A24030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER VOGEL BURGESS | : | |
| | : | |
| Appellant | : | No. 1591 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005723-2018

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JANUARY 04, 2021**

Jennifer Vogel Burgess appeals from the judgment of sentence entered after being convicted of Bad Checks.[1] Burgess challenges the sufficiency of the evidence and the imposition of restitution as a part of her sentence. We affirm.

The trial court aptly summarized the facts of this case as follows:

> In December of 2017 [Burgess] engaged in conversations about purchasing a residential property from the victim[, Rachel Khan]. The victim worked for her family's commercial and residential real estate business and did not know [Burgess] prior to this interaction. [Burgess] and her husband were unable to secure a mortgage and entered into a lease/rental agreement for the same property. The victim permitted [Burgess's] family to move into the property in mid-December 2017, even though the rental agreement did not begin until January 1, 2018. Under the terms of the agreement $1,800 was due on January 1, 2018,

---

[1] 18 Pa.C.S.A. § 4105(a)(1).

representing a $900 security deposit and $900 for the first month's rent. It is undisputed that [Burgess] and her husband did not make this payment on January 1st, and on January 8, 2018 victim went to the property to demand payment. It was on this day that [Burgess] knowingly wrote a check from a closed account to the victim for $1,800. The check was post-dated January 15, 2018 and the memo line read "rent and security." The victim testified that she accepted the post-dated check because [Burgess] offered it as "collateral" in an effort to secure another form of payment in the coming days. The victim was not aware the account was closed and would not have accepted the check if she had been told so by [Burgess]. According to [Burgess], she told the victim the account was closed and not to cash it, and that the only reason she wrote the check was to appease the victim's family, who was demanding the rent and security deposit. When neither [Burgess] nor her husband provided any other type of payment, victim deposited the check on January 19, 201[8], eleven (11) days after she received the check and four (4) days after the post-date. On January 23, 201[8], Key Bank informed the victim that [Burgess's] check would not be honored because it was written from a closed account.

Trial Ct. Op., filed 2/4/20, at 3-4 (footnotes omitted). The Commonwealth charged Burgess with the above referenced offense and Burgess proceeded with a non-jury trial.

At trial the victim and Burgess testified. The trial court found Burgess guilty and the same day sentenced her to five years' probation and imposed restitution in the amount of the bad check which was $1,800. Burgess filed a post sentence motion raising challenges to the weight of the evidence and the imposition of restitution. Regarding restitution, Burgess noted that a civil judgment was entered against her husband and claimed that it included the amount of $1,800 for the bad check. *See* Post Sentence Motion, filed 7/18/19,

at para. 8 and Exhibit B. Burgess attached the civil complaint filed against her husband in the amount of $11,600. *See* Post Sentence Motion, Exhibit B. The breakdown of that amount included the following: $8,000 for ruined kitchen cabinets and $3,600 for rent remaining due and unpaid on the filing date of the complaint. *Id.* She also attached the order granting judgment against her husband in the amount of $6,600. *Id.* This included $5,400 for rent and $1,200 for utility bills. *Id.* The plaintiff listed on the complaint and order was Noorjihan Khan. The trial court denied this motion and this timely appeal followed.

Burgess presents the following claims before this Court:

> I. Is the evidence wholly insufficient in this case to support the conviction for Bad Checks in that no evidence of any criminal intent was proven?

> II. Did the trial court err in imposing restitution in this case where it amounts to "double dipping" in that a civil judgment had been entered against the appellant's husband for this same amount of money?

Burgess's Br. at 6.

Burgess's first claim challenges the sufficiency of the evidence. She alleges that because the Commonwealth did not prove that she intended to defraud the victim, the evidence was insufficient to support the conviction. While she acknowledges that the statute does not require intent as an element of the crime, she nonetheless claims "that does not mean that a defendant can be convicted even with no wrongful intent at all, which is what occurred in this case." *Id.* at 17.

When reviewing a claim challenging the sufficiency of the evidence, "our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewing in the light most favorable to the Commonwealth as the verdict winner." **Commonwealth v. Rushing**, 99 A.3d 416, 420-21 (Pa. 2014).

The trial court in reviewing the evidence, determined that Burgess's claim was meritless. It noted that "[b]y the plain reading of the statute and the decisions handed down by the Pennsylvania Supreme Court," the Commonwealth was only required to prove that Burgess wrote a check from an account that she knew was closed. Trial Ct. Op. at 5. We agree.

The trial court found Burgess guilty of Bad Checks which provides: "A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee." 18 Pa.C.S.A. § 4105(a)(1). Further, in **Commonwealth v. Mutnik**, 406 A.2d 516, 518 (Pa. 1979), our Supreme Court held that "section 4105 does not require the Commonwealth to prove an intent to defraud on the part of the defendant."

At trial, Burgess admitted that she knew the account from which the check was written was closed. **See** N.T., Trial, 7/11/19, at 30-31. Though Burgess claimed that she informed Ms. Khan of this as well, as fact finder, the court was free to believe all, part, or none of this testimony. **See Commonwealth v. Gause**, 164 A.3d 532, 541 (Pa.Super. 2017) (*en banc*)

(citation omitted). As the trial court made clear, it did not find Burgess's testimony credible. *See* N.T., Trial, at 33 ("In order for me to find you not guilty, I would have to believe that Ms. Khan knew the account was closed and that she took this check anyway. I do not believe that, all right"). Viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient to sustain the conviction.

Next, Burgess claims that the trial court erred in imposing restitution as a part of her sentence when Ms. Khan "obtained a civil judgment against [Burgess's] husband for the $1,800.00 owed for rent and security deposit[.]" Burgess's Br. at 27. Thus, Burgess argues that "restitution as a part of her sentence was improper and amounts to a second collection for one debt." *Id.* She cites the restitution statute which provides that a victim may obtain restitution "provided that any civil award shall be reduced by the amount paid under the criminal judgment." 18 Pa.C.S.A. § 1106(g). Burgess maintains that the statute requires that the "amount of restitution [be] reduced by the amount of the civil award." Burgess's Br. at 27. Burgess also argues that the trial court did not inquire about her ability to make restitution payments.

A claim challenging the imposition of restitution implicates the legality of sentence. *See Commonwealth v. Ramos*, 197 A.3d 766, 768 (Pa.Super. 2018). "When the legality of a sentence is at issue, our 'standard of review over such questions is *de novo* and our scope of review is plenary.'" *Id.* at 769 (quoting *Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa.Super. 2008), *appeal denied*, 955 A.2d 356 (Pa. 2008)).

Burgess challenges the court's ability to impose restitution due to there being a civil judgment against her husband. Section 1106(g) "clearly provides that the criminal defendant who is the subject of a restitution order is entitled to an offset in a subsequently entered civil judgment for the amount of restitution ordered as part of the sentence in the criminal proceeding." *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc.*, 777 A.2d 1090, 1095 (Pa.Super. 2001). However, the civil judgment does not prevent a trial court from ordering restitution.

This Court previously addressed a similar claim in **Commonwealth v. Pleger**, 934 A.2d 715, 720 (Pa.Super. 2007). The **Pleger** Court concluded that a general release and settlement entered against the appellant was irrelevant to the court's imposition of restitution. Pledger was convicted of driving under the influence (DUI).[2] Prior to Pledger's sentencing, the victim accepted a settlement through Pledger's insurance company. The trial court determined that it could not impose restitution because of the settlement. This Court vacated the judgment of sentence and remanded for resentencing for purposes of imposing restitution, concluding that the trial court was required to do the following: 1) "pursuant to the aforesaid statutes and caselaw, to consider fully the request for restitution presented by the district attorney's office"; 2) "evaluate that request in a manner consistent with 18 Pa.C.S.A. § 1106 and 42 Pa.C.S.A. § 9721(c)"; 3) "to arrive at the full amount of

---

[2] 75 Pa.C.S.A. § 3802(b).

restitution due"; and 4) "issue an appropriate order requiring full restitution as an aspect of [Pleger's] sentence." **Pleger**, 934 A.2d at 721.

Here, the entry of civil judgment against Burgess' husband did not preclude the trial court from imposing restitution against Burgess, who wrote the bad check. First, the judgment was entered in favor of Noorjihan Khan, who is not the victim in the present case. Secondly, the civil judgment did not remedy the criminal conduct of Burgess since husband did not write the bad check. The civil judgment entered against husband amounted to $6,600, $5,400 of which was for rent. The amount nor the order specify if the $5,400 included the $1,800 from the bad check. The trial court did not err in imposing restitution as a part of Burgess's sentence.

Regarding Burgess's secondary claim that the trial court failed to inquire as to her ability to pay restitution, we note that she did not raise this claim before the trial court. However, because such a claim raises a challenge to the legality of sentence, it is unwaivable. **Ramos**, 197 A.3d at 768; **Commonwealth v. Smith**, 210 A.3d 1050, 1062 (Pa.Super. 2019) (stating challenge to legality of sentence unwaivable).

The record refutes Burgess's allegation that the court failed to consider her ability to pay. At sentencing, the trial court inquired what Burgess did for a living as well as her husband and it inquired as to how she provided for their five children. **See** N.T., Trial, at 35. She replied that she was a housewife and relied on her husband's income as a landscaper and contractor. **Id.** She also stated that she received payments through social security for one of her

children. *Id.* at 36. The court then ordered that Burgess pay $50 a month to pay off the restitution and court costs. *Id.* at 38.

Additionally, the trial court was limited in its ability to impose restitution as the statute requires that reimbursement be made to the victim in "the face amount of the check." 18 Pa.C.S.A. § 4105(e)(1) ("Upon conviction under this section the sentence **shall** include an order for the issue or passer to reimburse the payee or such other party as the circumstances may indicate for: [t]he face amount of the check") (emphasis added). Burgess's claim is meritless. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  01/04/2021