**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONEESE DANIA DAVIS | : | |
| | : | |
| Appellant | : | No. 13 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 13, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0011185-2017

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                           **FILED:  April 29, 2021**

Appellant, Roneese Dania Davis, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following the entry of her negotiated guilty pleas to simple assault, harassment, criminal mischief, and disorderly conduct.[1]  After careful review, we vacate the judgment of sentence and remand for resentencing.[2]

The trial court previously set forth the relevant facts of this appeal as follows:

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2709(a)(1), 3304(a)(5), and 5503(a)(4), respectively.

[2] On November 18, 2020, we stayed our disposition of this case pending this Court's decision in **Commonwealth v. Lopez**, 2021 PA Super 51 (filed March 23, 2021) (*en banc*).  Now that this Court has issued its decision in **Lopez**, we lift the stay order.

On March 12, 2018, [Appellant and Co-Defendant] pled guilty to the above referenced charges and were sentenced in accordance with a plea agreement to two (2) years of probation at the count of simple assault, followed by a consecutive one (1) year period of probation for disorderly conduct. The facts, which were stipulated to at the guilty plea [hearing] are as follows[.] On May 20, 2017, police responded to an assault in-progress on a Port Authority bus. The officer observed the victim in the rear of the bus with visible facial injuries, including blood inside and around her mouth and nose. The victim complained of head and facial pain, vision problems, and reported that her eyeglasses were broken during the assault. Video surveillance footage captured the assault and corroborated the victim and witness accounts that [Appellant and Co-Defendant] physically attacked the victim by repeatedly punching her about the face. At sentencing, the Commonwealth submitted a restitution order for $5,383.88 representing the costs associated with some of the victim's medical treatment.[1] [Appellant and Co-Defendant] requested a restitution hearing. The hearing took place on April 13, 2018, wherein they argued that the medical records were incomplete and that the Commonwealth failed to establish direct causation between the assault and the detached retina diagnosis.[3] The Court became aware during the hearing that the Commonwealth had received additional medical records, prompting a continuation of the hearing. When the parties reconvened before [the c]ourt on May 8, 2018, [Appellant and Co-Defendant] reiterated their argument regarding lack of direct causation and also challenged the authority of the court to order restitution payable to Equian. Citing 18 P.S. § 11.103, [Appellant and Co-Defendant] argued that Equian, a third-party collection agency seeking restitution on behalf of the medical provider, UPMC, is not statutorily allowed to receive payment. Briefs were ordered on the issue of Equian's eligibility and

---

[3] At the guilty plea hearing, the Commonwealth indicated that the victim needed surgery for a detached retina as a result of the assault. (**See** N.T. Plea Hearing, 3/12/18, at 16). At the subsequent restitution hearing, Appellant's counsel asserted she had reviewed the relevant medical records and "there was no diagnosis of a detached retina that was caused by the criminal assault." (Restitution Hearing, 4/13/18, at 3).

> argument took place on June 21, 2018. After argument, the court entered a restitution order in the amount of $5,383.88 payable to Equian, finding that payment to a collection agency designated by an entity entitled to receive restitution, achieves the legislative purposes of the statute: rehabilitation and punishment.
>
> [1] Additional restitution was ordered payable to the victim to replace the eyeglasses and to the Victim's Compensation Fund for medical care[.]

(Trial Court Opinion, filed 11/6/18, at 2-3) (some capitalization and footnotes omitted).

Appellant timely filed a post-sentence motion, arguing: 1) the Commonwealth failed to produce sufficient evidence to support the amount of actual damages suffered by the victim; 2) the record did not establish a causal connection between the crimes and the victim's injury; and 3) Equian was not entitled to restitution under 18 Pa.C.S.A. § 1106(c)(1). The court denied the post-sentence motion, and Appellant timely filed a notice of appeal. On August 29, 2019, this Court vacated Appellant's sentence and remanded the matter for resentencing. Citing **Commonwealth v. Ramos**, 197 A.3d 766 (Pa.Super. 2018), we determined "the trial court erred as a matter of law by failing to determine the amount of restitution at the original time of sentencing[.]" **Commonwealth v. Davis**, No. 1048 WDA 2018, unpublished memorandum at 4 (Pa.Super. filed August 29, 2019).

On November 13, 2019, the court resentenced Appellant to the same aggregate term of three (3) years' probation. The court also awarded restitution, including $5,383.88 to Equian and $1,296.71 to the Victim's

Compensation Fund. Appellant timely filed a post-sentence motion on November 22, 2019. Again, Appellant argued that Equian was not entitled to restitution under Section 1106(c)(1), and the Commonwealth failed to establish a causal connection between the assault and the victim's injury. On December 4, 2019, the court denied Appellant's post-sentence motion.

Appellant timely filed a notice of appeal on January 2, 2020. On January 7, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed her Rule 1925(b) statement on January 28, 2020.

Appellant now raises three issues for our review:

> Was the trial court's sentence illegal in ordering $5,383.88 in restitution to Equian, a debt collector, under the restitution statute, 18 Pa.C.S. § 1106, when Equian was not an entity listed under the aforementioned restitution statute?
>
> Was the trial court's sentence illegal because the record supports no causal connection between the ordered restitution for the injury complained of, a detached retina, and the simple assault to which [Appellant] pleaded guilty?
>
> Was the trial court's imposition of certain court costs on [Appellant] improper, given that the court costs were imposed without consideration of [Appellant's] financial resources and ability to pay?

(Appellant's Brief at 3).

In her first issue, Appellant challenges the court's award of restitution to Equian, a third-party debt collector. Appellant contends that the definition of "victim" in the applicable version of Section 1106 does not include corporate

- 4 -

entities like Equian.[4]  In light of the relevant statutory language, Appellant insists Equian is not entitled to restitution under Section 1106.  Appellant concludes that this Court must vacate that portion of the judgment of sentence.  We agree.

The relevant scope and standard of review are as follows:

> We note that [i]n the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence.  As such, [a]n appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing.  Accordingly, the determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.  This case will also necessarily call upon us to engage in statutory construction, which similarly presents a pure question of law and also implicates the legality of … sentence.  Thus, our standard of review is *de novo* and our scope of review is plenary.

**Hunt, supra** at 585 (internal citations and quotation marks omitted).

The version of Section 1106 in effect at the time of Appellant's offenses provided, in pertinent part, as follows:

> **(a)  General rule.**—Upon conviction for any crime wherein … the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

_____

[4] Relevant to this appeal, the Pennsylvania General Assembly amended Section 1106 on October 24, 2018.  However, Appellant's criminal actions and the entry of her guilty pleas predate the statute's amendment.  Accordingly, we analyze the prior version of Section 1106 for Appellant's sentencing claim. **See Commonwealth v. Hunt**, 220 A.3d 582, 585-87 (Pa.Super. 2019).

\* \* \*

**(c)      Mandatory restitution.—**

(1)    The court shall order full restitution:

(i)      Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.  …

(ii)     If restitution to more than one person is set at the same time, the court shall set priorities of payment.  However, when establishing priorities, the court shall order payment in the following order:

(A)    The victim.

(B)    The Crime Victim's Compensation Board.

(C)    Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(D)    Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

\* \* \*

**(h)      Definitions.—**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

\* \* \*

**"Victim."**  As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929.  The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S. § 1106(a), (c), and (h) (repealed Oct. 24, 2018, P.L. 891, No. 145, § 1, effective Jan. 31, 2005) (internal footnote omitted).

Regarding the statutory reference in the definitions section, "Section 479.1, formerly codified at 71 P.S. § 180–9.1, since has been recodified in the Crime Victims Act, 18 P.S. §§ 11.101, *et seq*. (the 'CVA')." ***Commonwealth v. Veon***, 637 Pa. 442, 465, 150 A.3d 435, 449 (2016). The CVA defines "victim" as follows:

> (1)  A direct victim.
>
> (2)  A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender.
>
> (3)  A minor child who is a material witness to any of the following crimes and offenses under 18 Pa.C.S. (relating to crimes and offenses) committed or attempted against a member of the child's family:
>
>> Chapter 25 (relating to criminal homicide).
>>
>> Section 2702 (relating to aggravated assault).
>>
>> Section 3121 (relating to rape).
>
> (4)  A family member of a homicide victim, including stepbrothers or stepsisters, stepchildren, stepparents or a fiance, one of whom is to be identified to receive communication as provided for in this act, except where the family member is the alleged offender.

18 P.S. § 11.103. "A '[d]irect victim' is defined by the same section as '[a]n **individual** against whom a crime has been committed or attempted and who as a direct result of the criminal act or attempt suffers **physical or mental**

**injury, death** or the **loss of earnings** under this act.'" ***Veon, supra*** at 465, 150 A.3d at 449 (emphasis in original). In ***Veon***, our Supreme Court scrutinized the language in Section 11.103 and determined that it applied to human beings only:

> Notwithstanding any legislative expansion of the definition of "victim," it is clear that the plain text of Section 11.103 still envisages "victims" as "persons" commonly understood. A "victim" under Section 11.103 must be "a direct victim," *i.e.*, an "individual" who has suffered injury, death, or loss of earnings; or a "child," "parent," "guardian," or "family member." Every relevant noun unequivocally describes a human being, not a government agency, and nowhere else is there a relevant definition that persuades us to broaden the common understanding of these words.

***Id.*** at 472, 150 A.3d at 454.

> In light of the holding in ***Veon***, this Court subsequently concluded that
>
> > the inter-related definitions of "direct victim," "individual," and "natural person" pursuant to the pre-amendment version of § 1106 do **not** include corporate entities…. Such a conclusion is necessitated by a plain reading of these statutes, and has the additional virtue of giving full weight to the Supreme Court's discussion of these same provisions in ***Veon***.

***Hunt, supra*** at 591 (internal footnotes omitted) (emphasis in original).

Instantly, the court ordered Appellant to pay restitution to Equian. Based upon this Court's holding in ***Hunt***, the definition of "victim" under the pre-amendment version of Section 1106 does not include a corporate entity such as Equian. Therefore, Appellant's sentence is illegal, and we vacate the judgment of sentence. ***See Veon, supra***; ***Hunt, supra***. Accordingly, we

remand for resentencing consistent with this decision.[5]

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction is relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/2021

---

[5] Due to our disposition, we need not address Appellant's remaining issues. Nevertheless, we note this Court has already addressed the causal connection between the criminal conduct and the victim's eye injury, as Co-Defendant raised the same claim on appeal from her judgment of sentence. **See Commonwealth v. Sweeney**, 1878 WDA 2019, unpublished memorandum at 6-8 (Pa.Super. filed November 30, 2020). Additionally, regarding Appellant's complaint that the court imposed costs without considering Appellant's ability to pay, there is no "requirement that a court hold an ability-to-pay hearing before imposing court costs on the defendant at sentencing." **Lopez, supra** at 4.