J-S20011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                        :                 PENNSYLVANIA
                                                         :

                 v.                                         :
                                                         :
                                                         :

RICHARD A. KALETA                         :
                                                         :

                    Appellant              :       No. 11 MDA 2021

Appeal from the Judgment of Sentence Entered December 4, 2020
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0001450-2018

BEFORE: NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:            **FILED AUGUST 03, 2021**

Appellant Richard A. Kaleta appeals from the judgment of sentence following a jury trial and convictions for, among other offenses, one count of driving under the influence (DUI) and two counts of accidents involving death or personal injury.[1]  Appellant challenges the sufficiency of evidence for the aforementioned crimes.  We affirm the convictions, vacate the judgment of sentence, and remand for resentencing.

We state the facts as presented by the trial court:

On or about August 26, 2018, Steven Delbo and Pamela Parnell were traveling along route 901 on a motorcycle when [Appellant], driving his tow truck, came into their lane of traffic and struck the left side of the motorcycle.  Mr. Delbo continued riding after being struck in order to keep the motorcycle upright and maintain control.  While he was trying to keep control of the bike, Mr. Delbo was holding onto the leg of his passenger, Pam Parnell, in order

---

[1] 75 Pa.C.S. §§ 3802(d)(1)(iii), 3742(a), respectively.

to keep her from falling off. At no time did either victim see [Appellant] stop at any point to render aid. According to Officer [Patrick] McAndrew, [Appellant] was eventually forced to pull over by two other individuals on motorcycles who had called 911 and witnessed what had occurred. [N.T. Trial, 9/15/20, at 42.] Mr. Delbo did continue driving on his motorcycle after the accident in order to get to a location where he could obtain help. Once police and EMS arrived on scene, [Appellant], who had been complaining about his diabetic condition, refused transport to the hospital and was subsequently cleared by medical personnel. At that point, Officer McAndrew wanted to take him into custody to obtain a blood test, which resulted in [Appellant] changing his mind and accepting EMS transport to the hospital. At the hospital, Officer McAndrew obtained the appropriate DL-26 consent forms for a blood draw of [Appellant]. It was later determined that [Appellant] had [metabolites of] Clonazepam, Fentanyl, and marijuana in his system at the time. Officer McAndrew was able to speak with both of the victims where he learned that Mr. Delbo had suffered from compartment syndrome[2] in his left foot as a result of the accident and Ms. Parnell had almost lost her entire left foot but ultimately only lost two toes as a result of the incident.

Trial Ct. Op., 1/29/21, at 1; *see also* N.T. Trial at 65-66.

Appellant was charged, and a jury trial occurred, at which Appellant testified he had prescriptions for all three drugs, which are all controlled substances. N.T. Trial at 66, 89, 94-96. A prescription is required for clonazepam and fentanyl. *Id.* at 66. A jury convicted Appellant.

The trial court ordered a pre-sentence investigation, and on December 4, 2020, the trial court subsequently sentenced Appellant to an aggregate sentence of one to two years' imprisonment.

_____

[2] Compartment syndrome is when muscle tissue dies to lack of blood flow. *See Havasy v. Resnick*, 609 A.2d 1326, 1328 (Pa. Super. 1992).

Specifically, the trial court sentenced Appellant to a concurrent term of one to two years' imprisonment for each count of accident involving personal injury and a concurrent sentence of three to six months' imprisonment for DUI. N.T. Sentencing, 12/4/20, at 10-11. For each count of accident involving personal injury, the trial court also ordered restitution and a mandatory fine of $1,000. *Id.*

Appellant did not file a post-sentence motion but filed a timely notice of appeal on December 28, 2020. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues:

1. Whether the evidence introduced at trial was insufficient to prove [Appellant] was guilty of driving under the influence.

2. Whether the evidence introduced at trial was insufficient to prove [Appellant] was guilty of two counts of accidents involving death or serious injury.

Appellant's Brief at 6.

In support of his first issue, Appellant acknowledges that his blood had metabolites of clonazepam, fentanyl, and marijuana. *Id.* at 9. Appellant asserts that he "testified that [he] had prescriptions for [those] medications and []he stated that to Officer McAndrew." *Id.* Appellant concludes that the evidence was insufficient for his DUI conviction "because the Commonwealth failed to prove beyond a reasonable doubt that he was not medically prescribed the substances found in his blood." *Id.*

The Commonwealth focuses on the presence of marijuana, a Schedule I controlled substance, in Appellant's blood. Commonwealth's Brief at 3. In the Commonwealth's view, because a "Schedule I controlled substance is prohibited regardless of whether there is a medical prescription," there was sufficient evidence to find Appellant guilty of Section 3802(d)(1)(iii). *Id.* at 4.

The standard of review for a sufficiency challenged is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted).

The statute relevant to this appeal states:

**(d) Controlled substances.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1) There is in the individual's blood any amount of a:

(i) Schedule I controlled substance . . .

(ii) Schedule II or Schedule III controlled substance, . . . which has not been medically prescribed for the individual; or

(iii) metabolite of a substance under subparagraph (i) or (ii).

75 Pa.C.S. § 3802(d)(1)(i)-(iii). Marijuana is a Schedule I controlled substance.[3] *See* 35 P.S. § 780-104(1)(iv). "[A] conviction under Section 3802(d)(1) does not require that a driver be impaired; rather, it prohibits the operation of a motor vehicle by any driver who has any amount of specifically enumerated controlled substances in his blood, regardless of impairment." *Commonwealth v. Etchison*, 916 A.2d 1169, 1174 (Pa. Super. 2007) (citation omitted and formatting altered).

Instantly, marijuana is a Schedule I controlled substance, for which there is no prescription exception. *See* 75 Pa.C.S. § 3802(d)(1)(i)-(iii). Therefore, the jury could convict Appellant of having the metabolite of marijuana in his blood regardless of whether he had a prescription. *See id.*; *Etchison*, 916 A.2d at 1174; *cf. Glenn*, 233 A.3d at 846. It follows that because Appellant had marijuana in his blood, any valid prescriptions for fentanyl or clonazepam would not negate Appellant's Section 3802(d)(1)(iii)

---

[3] Fentanyl is a Schedule II controlled substance. *See* 35 P.S. § 780-104(2)(ii)(6). The record does not identify the controlled substance schedule for clonazepam, although the Commonwealth's brief states that clonazepam is a Schedule IV controlled substance. *See* Commonwealth's Brief at 4 n.1.

Recently, in *Commonwealth v. Glenn*, 233 A.3d 842 (Pa. Super. 2020), this Court vacated the defendant's conviction under Section 3802(d)(1)(iii), specifically of a Schedule II controlled substance for which the defendant had a prescription. *Glenn*, 233 A.3d at 843. The *Glenn* Court reasoned that a defendant could not be convicted of DUI while having a prescribed Schedule II controlled substance in his or her bloodstream. *See id.* at 846.

conviction. *See* 75 Pa.C.S. § 3802(d)(1)(i)-(iii); *Etchison*, 916 A.2d at 1174. Because the record, viewed in the light most favorable to the Commonwealth as verdict winner, established all of the elements of a Section 3802(d)(1)(iii) offense, Appellant is due no relief. *See Widmer*, 744 A.2d at 751.

In support of his second issue, Appellant argues that the Commonwealth did not prove that he failed "to stop at the scene of the accident and provide information and render aid." Appellant's Brief at 10. Appellant reasons that Mr. Delbo did not stop after the accident but continued to drive his motorcycle. *Id.* Appellant therefore contends that "it was impossible for [him] to stop and render aid to any injured person when the other vehicle involved in the accident never stopped at the scene." *Id.*

The Commonwealth counters that Section 3742(a) required Appellant "to return to the scene whether others did or not." Commonwealth's Brief at 6.

Section 3742 provides as follows:

**(a) General rule.—**The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S. § 3742(a).

Instantly, Appellant argued that it was impossible for him to stop at the scene of the accident if the victim never stopped. Section 3742(a), however,

does not require the other vehicle to stop at the scene in order for the defendant to have a statutory obligation to stop. **See** 75 Pa.C.S. § 3742(a). Rather, Section 3742(a) requires that any person involved in an accident to stop the vehicle at the scene of the accident or as close thereto as possible regardless of the presence of the other vehicle. **See id.** Viewing the record in the light most favorable to the Commonwealth as verdict winner, the record establishes that Appellant did not stop until he was forced to pull over by two other motorcyclists about one-quarter mile from the scene. **See** N.T. Trial at 42; **Widmer**, 744 A.2d at 751.

Finally, this Court may raise and review an illegal sentence claim *sua sponte*. **Commonwealth v. Ramos**, 197 A.3d 766, 768 (Pa. Super. 2018). "Because the legality of a sentence presents a pure question of law, our scope of review is plenary, and our standard of review is *de novo*." **Commonwealth v. Derrickson**, 242 A.3d 667, 673 (Pa. Super. 2020) (citation omitted).

Recently, in **Commonwealth v. Satterfield**, --- A.3d ---, 2021 WL 3084976 (Pa. filed July 22, 2021), our Supreme Court vacated "multiple sentences imposed under Section 3742 based upon the number of victims resulting from the accident in question." **Satterfield**, 2021 WL 3084976 at *10. In **Satterfield**, the defendant crashed into multiple vehicles and killed three people. **Id.** at *1. The defendant pled guilty to three counts of violating Section 3742(a), and the trial court imposed three consecutive sentences of three to six years' imprisonment. **Id.** The **Satterfield** Court vacated the

judgment of sentence because a defendant "may only be punished for one violation of Section 3742, regardless of the number of persons killed or injured." *Id.*

Here, like the **Satterfield** defendant, the instant trial court sentenced Appellant to two concurrent sentences of imprisonment for Appellant's two Section 3742 convictions. **See id.** at *10. Per **Satterfield**, we similarly vacate Appellant's judgment of sentence because Appellant "may only be punished for one violation of Section 3742," despite injuring two victims. **See id.**; **Commonwealth v. Vanderlin**, 580 A.2d 820, 831 (Pa. Super. 1990) (holding, "if a trial court errs in its sentence for one count in a multi-count case, then all sentences for all counts will be vacated so that the court can re-structure its entire sentencing scheme" (citation omitted)); **accord Commonwealth v. Williams**, 871 A.2d 254, 266 (Pa. Super. 2005). For these reasons, we affirm Appellant's convictions, vacate the judgment of sentence, and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/03/2021