J-A16040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                 PENNSYLVANIA
:
v.                                  :
:
:
LEWIS ABELL                             :
:
Appellant          :      No. 179 WDA 2024

Appeal from the Judgment of Sentence Entered September 26, 2023
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0001044-2021

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED: OCTOBER 9, 2024**

Lewis Abell appeals from the judgment of sentence imposed after he pled guilty to aggravated assault.[1] He argues the trial court erred in imposing $1.00 of restitution. We vacate the judgment of sentence and remand for resentencing.

After Abell pleaded guilty, the court scheduled a sentencing hearing and ordered a Presentence Investigation Report ("PSI"). The PSI "stated that the victim had not submitted a victim claim form or victim impact statement, despite having sustained a serious injury to his head." Trial Court Opinion, filed 2/27/24, at 1.[2] It recommended that the court order $1.00 of restitution

---

[1] *See* 18 Pa.C.S.A. § 2702(a)(4).

[2] According to the affidavit of probable cause, the victim had to be life-flighted to a hospital after Abell struck him in the head with a pipe. *See* Affidavit of Probable Cause, dated 12/10/21.

as a placeholder in case an amount of restitution could be determined in the future. *See* N.T., 9/26/23, at 4.

At the sentencing hearing, the court imposed a sentence of 27 to 60 months' incarceration. Abell objected to the imposition of restitution as suggested in the PSI, arguing that the Commonwealth had not presented any evidence of the victim's actual financial harm. The court nonetheless ordered Abell to pay $1.00 in restitution.

Abell filed a post-sentence motion, again challenging the imposition of restitution. The court denied the motion.

Abell appealed. In its Rule 1925(a) opinion, the trial court "agreed that the imposition of $1.00 of restitution was erroneous, since no evidence was adduced at the sentencing hearing supporting any amount of restitution, and the $1.00 imposed would not bear any relationship to any medical expenses that might have been incurred." Trial Ct. Op. at 2. The court requests we vacate the sentence and remand for resentencing.

Abell raises the following issues:

I. Whether the Trial Court erred in awarding an amount for restitution where no evidence was adduced at sentencing warranting the imposition of a restitution amount or the method of calculating such restitution?

II. Whether the Trial Court erred in imposing an illegal sentence where a $1.00 restitution sentence was imposed as a "placeholder"?

Abell's Br. at 7 (answers below and suggested answers and footnote omitted). The Commonwealth has not filed a brief.

- 2 -

The court's authority to impose restitution implicates the legality of the defendant's sentence. **Commonwealth v. Dahl**, 296 A.3d 1242, 1253 (Pa.Super. 2023).[3] Our standard of review is therefore *de novo*, and our scope of review is plenary. **Id.**

Section 1106 of the Crimes Code governs the imposition of restitution as a direct part of a judgment of sentence. **See** 18 Pa.C.S.A. § 1106.[4] It requires the trial court to determine the amount of restitution at the time of sentencing. **See id.** at § 1106(c)(2). The amount must bear a direct causal connection between the crime and the loss, be supported by the record, and not be speculative. **Commonwealth v. Lekka**, 210 A.3d 343, 358 (Pa.Super. 2019). If the court properly sets an amount of restitution at the sentencing hearing, the court may later amend the amount of restitution, so long as it states its reasons for the change on the record. **See** 18 Pa.C.S.A. § 1106(c)(3); **Commonwealth v. Dietrich**, 970 A.2d 1131, 1134 (Pa. 2009); **Commonwealth v. Ramos**, 197 A.3d 766, 770 (Pa.Super. 2018).

However, where the court sentences the defendant to pay restitution "in an amount to be determined later," the order of restitution is *ipso facto* illegal. **See Dahl**, 296 A.3d at 1254 (citation omitted). An order that the defendant pay $1.00 of restitution, when this amount bears no relation to the loss, constitutes an illegal placeholder. **Id.**

---

[3] In contrast, a challenge that an order of restitution is excessive goes to the discretionary aspects of the sentence. **See Dahl**, 296 A.3d at 1253.

[4] The court may alternatively impose restitution as a condition of probation.

- 3 -

Here, as the trial court concedes, the imposition of $1.00 of restitution was erroneous. We therefore vacate the sentencing order as to the imposition of restitution.

Where we vacate a portion of a sentence as illegal, and it disrupts the court's overall sentencing scheme, we must vacate the entire sentence and remand for resentencing. *Id.* at 1254-55; *see also Commonwealth v. Mulkin*, 228 A.3d 913, 919 (Pa.Super. 2020) (holding that where the order of restitution at sentencing is illegal, it taints the entire sentence); *Ramos*, 197 A.3d at 771 (stating that where a sentence is intended to include restitution but is entered without a definite amount, the sentence must vacated in its entirety). We therefore vacate the entirety of Abell's sentence in this matter and remand for resentencing.

Judgement of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/9/2024