J-S27020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK BROWN | : | |
| | : | |
| Appellant | : | No. 1651 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 27, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009516-2008

BEFORE: LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 18, 2024**

Appellant Frank Brown appeals from the judgment of sentence imposed following his convictions for robbery and related offenses. On appeal, Appellant challenges the discretionary aspects of his sentence. After review, we conclude that Appellant's sentence is illegal, and that we are constrained to vacate the judgment of sentence and remand for resentencing.

A prior panel of this Court summarized this case as follows:

[Appellant] was originally sentenced to an aggregate term of seven to 14 years' incarceration with 20 years' probation after he was convicted of multiple offenses, including robbery and firearms not to be carried without a license, stemming from the robbery of a ninety-one-year-old woman and her daughter-in-law. [Appellant] eventually filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and the matter was reassigned to a different trial judge due to the retirement of the judge who had originally sentenced [Appellant]. The reassigned trial court denied [Appellant's] PCRA petition. This

_____

[*] Retired Senior Judge assigned to the Superior Court.

Court, however, vacated [Appellant's] judgment of sentence, which included a mandatory minimum, after concluding it was illegal pursuant to ***Alleyne v. United States***, 570 U.S. 99 (2013). ***See Commonwealth v. Brown***, 193 A.3d 1054, 1524 EDA 2017 (Pa. Super. filed June 7, 2018) (unpublished memorandum) ("***Brown II***").

We remanded for resentencing, and the matter was assigned to the same trial court which had denied [Appellant's] PCRA petition ("sentencing court"). The sentencing court ordered a presentence investigation ("PSI") report and a mental health evaluation, and it scheduled a resentencing hearing for August 29, 2018. At the hearing, the sentencing court recounted in great detail that [Appellant] had incurred a slew of misconducts while he had been in prison, and those misconducts demonstrated to the court that [Appellant] had not been rehabilitated. It also interpreted [Appellant's] allocution as disparaging to the court. The court proceeded to resentence [Appellant] to 12 to 35 years' incarceration, followed by 15 years of reporting probation. [Appellant] "did not respond with an abundance of equanimity to [the significant] increase" in his sentence, and reacted by yelling at, and threatening, the sheriff. ***Commonwealth v. Brown***, 3234 EDA 2018, 2020 WL 4558808, at *5 (Pa. Super. filed August 7, 2020) (unpublished memorandum) ("***Brown III***").

After witnessing this behavior, the sentencing court *sua sponte* and immediately reconsidered [Appellant's] sentence. The court described [Appellant's] behavior as threatening and disrespectful, and resentenced [Appellant] to 19 to 59 years' incarceration, followed by 15 years of probation. Less than a month later, the trial court once again *sua sponte* resentenced [Appellant] "to correct a minor discrepancy," this time resentencing [Appellant] to an aggregate term of 14 to 40 years' incarceration, with a probationary tail of 15 years. ***Brown III***, 2020 WL 4558808, at *7.

[Appellant] filed a motion for reconsideration of his sentence. At the hearing on the motion, the sentencing court once again referenced [Appellant's] prison misconducts, his disrespect for the court, and his threatening behavior towards the sheriff. It also acknowledged the mitigating circumstances [Appellant] had presented. The court then resentenced [Appellant] for a fourth time, giving him a sentence of 12 to 35 years' incarceration with no probationary tail.

- 2 -

[Appellant] appealed to this Court, arguing his sentence was excessive and had been the product of vindictiveness. A panel of this Court agreed, and once again remanded for resentencing. In doing so, the panel found that the sentencing court had improperly relied on [Appellant's] prison misconducts as a basis for increasing his sentence. *See id.* at *13. The panel also noted the sentencing court had increased [Appellant's] sentence after improperly interpreting [Appellant's] allocution as being disparaging to the court, and then turned around and "*sua sponte* increased the sentence further immediately after feeling disparaged by [his] reaction to the first sentence." *Id.* The panel concluded with the following summary:

> The record of the multiple sentencing hearings in this case is extraordinary. In addition to the errors of law [made at those hearings], the record is rife with personal interactions, perceived slights, and *sua sponte* reconsiderations of sentence that, at the very least, created the appearance of personal bias. Accordingly, we are compelled to hold that [Appellant's] sentence is the product of an abuse of the trial court's considerable, but not unfettered, discretion.

*Id.* at *15. The panel then dropped the following footnote:

> This Court lacks the authority to order *sua sponte* that [Appellant's] resentencing be conducted by a different jurist. *See Commonwealth v. Lucky*, [229] A.3d [657] [] (Pa. Super. February 13, 2020) (citing *Commonwealth v. Whitmore*, 912 A.2d 827 (Pa. 2006) (providing that recusal must first be sought and ruled upon by the trial court)). However, [Appellant] may file a motion to recuse on remand.

*Id.* at *15 n.11.

[Appellant] did so, but the sentencing court denied his motion to recuse. The court therefore proceeded to the resentencing of [Appellant]. In doing so, the court stated that, although it disagreed with this Court's August 2020 memorandum, it would nonetheless decline to "utilize the considerations that [this Court] deemed unacceptable" when resentencing [Appellant]. N.T. Sentencing, 1/4/21, at 15; *see also id.* at 16-17 (stating it would not consider [Appellant's] lack of progress in prison even though it disagreed with this Court that it was not a proper consideration). The court also stated that it "certainly [did not] want [[Appellant]]

- 3 -

to think that his sentence was increased because of something other than what it should be." *Id.* at 17.

The court informed the parties it would be using the sentencing guidelines delineated by the defense. *See id.* at 14-15. Those guidelines included a standard sentencing range of six months to 14 months, plus or minus six months for the aggravated and mitigated ranges, for the firearms not to be carried without a license charge. *See id.* The court then listed various recommendations for [Appellant's] sentence, and resentenced [Appellant] to an aggregate term of six to 14 years' incarceration, to be followed by five years of probation. This sentence included two to four years' incarceration for the firearms not to be carried without a license conviction. The court did not list the reasons for its sentence on the record.

*Commonwealth v. Brown*, 1228 EDA 2021, 2022 WL 4100978, at *1-2 (Pa. Super. filed Sept. 8, 2022) (unpublished mem.) ("***Brown IV***") (some formatting altered).

Ultimately, the ***Brown IV*** Court concluded that the sentencing court imposed a sentence outside the sentencing guidelines, and "[t]hat mistake, combined with this Court's prior conclusion that an appearance of impropriety existed with this sentencing judge sentencing [Appellant], requires us to vacate the entire sentence and remand for resentencing before a new sentencing judge." *See id.*, 2022 WL 4100978, at *6.

On April 27, 2023, Appellant appeared before a new sentencing court for resentencing. The new sentencing court resentenced Appellant as follows:

**Count 1 -** 18 [Pa.C.S. § 2702(a)] – Aggravated Assault (F1). To be confined for a minimum period of 54 Month(s) and a maximum period of 108 Month(s)[.] The following conditions are imposed: Credit for time served: Credit to be calculated by the Phila. Prison System[.] Immediate Parole: [Appellant] paroled immediately. [Appellant] not to go into custody. Re-Entry Plan - Eligible - Re-Entry Plan: [Appellant] is eligible for a re-entry plan.

To be placed on Probation - County Regular Probation - for a maximum period of 9 Year(s) . . . .

\*     \*     \*

Other: 1st 5 years were served while in prison[.]

Other: This court would have intended to terminate probation on 5/1/25[.]

**Count 2 -** 18 [Pa.C.S. § 3701(a)(1)(ii)] – Robbery . . . (F1)[.] To be confined for a minimum period of 54 Month(s) and a maximum period of 108 Month(s)[.] The following conditions are imposed: Credit for time served: Credit to be calculated by the Phila. Prison System[.] Immediate Parole: [Appellant] paroled immediately. [Appellant] not to go into custody. Re-Entry Plan - Eligible - Re-Entry Plan: [Appellant] is eligible for a re-entry plan.

To be placed on Probation - County Regular Probation - for a maximum period of 9 Year(s) . . . .

\*     \*     \*

Other: 1st 5 years were served while in prison[.]

Other: This court would have intended to terminate probation on 5/1/25[.]

Sentencing Order, 4/27/23, at 1-2 (some formatting altered). These sentences were ordered to run concurrently. *See id.* at 3. The trial court imposed a sentence of guilty without further penalty on the remaining eighteen counts. *See id.* at 2-3. This resulted in an aggregate sentence of 54 to 108 months' incarceration followed by 9 years of probation. *See id.* at 1-3.

Appellant filed a timely post-sentence motion for reconsideration of his sentence, which the trial court denied. This timely appeal followed. The trial court did not order Appellant to file a concise statement of errors complained

of on appeal pursuant to Pa.R.A.P. 1925(b). However, the trial court filed a Rule 1925(a) opinion on November 13, 2023.

On appeal, Appellant presents the following issue:

Whether the trial court erred when it sentenced Appellant . . . to a term of incarcerat[i]on and probation which was manifestly excessive and unreasonable?

Appellant's Brief at 4.

Before considering Appellant's challenge to the discretionary aspects of his sentence, we first address the legality of his sentence. We note that this Court may "review illegal sentences *sua sponte*[,]" and "[a]n illegal sentence must be vacated." *Commonwealth v. Ramos*, 197 A.3d 766, 768-69 (Pa. Super. 2018) (citations omitted and formatting altered).

As stated, the trial court imposed nine-year probationary "tails" at counts one and two. *See* Sentencing Order, 4/27/23, at 1-2. However, in its resentencing order, the trial court directed that the first five years of Appellant's probation sentences "were served while [Appellant was] in prison[.]" *See id.*

"No section of the Sentencing Code contemplates imprisonment as an element of a probationary sentence; probation is in fact a less restrictive alternative to imprisonment directed at rehabilitating the defendant without recourse to confinement during the probationary period." *Commonwealth v. Basinger*, 982 A.2d 121, 127 (Pa. Super. 2009) (citations omitted). This Court has stated: "we find no support in the Pennsylvania statutes that the

General Assembly intended to permit defendants to serve a term of probation and a term of state incarceration simultaneously." ***Commonwealth v. Allshouse***, 33 A.3d 31, 36 (Pa. Super. 2011) (footnote omitted), *overruled on other grounds by **Commonwealth v. Simmons***, 262 A.3d 512 (Pa. Super. 2021) (*en banc*). Further, this Court has rejected the concept of "constructive probation," in which a defendant serves the probation tail of a split sentence while simultaneously serving a consecutive incarceration sentence, as "contrary to the various policy considerations underlying sentencing." ***Id.*** (footnote omitted).

Here, because the trial court imposed a sentence permitting Appellant to serve the first five years of his nine-year term of probation simultaneously with his incarceration sentence, Appellant's sentence is illegal. ***See Allshouse***, 33 A.3d at 36-37; ***Commonwealth v. Patel***, 1610 EDA 2023, 2024 WL 3440448, at *5 (Pa. Super. filed Jul. 17, 2024) (unpublished mem.).[1]

For these reasons, we vacate Appellant's sentence and remand for resentencing consistent with this memorandum.[2] ***See Ramos***, 197 A.3d at 769; ***Patel***, 2024 WL 3440448, at *5 (stating that "[a]s our prevailing caselaw prohibits concurrent terms of imprisonment and probation, we must remand

_____

[1] ***See*** Pa.R.A.P. 126(b) (providing that we may cite to unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, for their persuasive value).

[2] Because we vacate Appellant's sentence and remand for resentencing, we do not reach Appellant's challenge to the discretionary aspects of his sentence.

for the lower court to rectify [the appellant's] sentencing scheme and to ensure that an illegal sentence has not been imposed").

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2024