J-S10012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN MAURICE WALLACE | : | |
| | : | |
| Appellant | : | No. 913 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 4, 2023
In the Court of Common Pleas of Forest County Criminal Division at
No(s): CP-27-CR-0000081-2022

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.: **FILED: APRIL 4, 2024**

Appellant, Shawn Maurice Wallace, appeals *pro se* from the August 4, 2023 judgment of sentence entered in the Court of Common Pleas of Forest County that imposed a sentence of 27 months' to 6 years' incarceration after Appellant pleaded guilty to one count of aggravated harassment by prisoner.[1] We affirm Appellant's conviction but are constrained to vacate the judgment of sentence and remand for resentencing.

The record demonstrates that, on November 16, 2022, Appellant was charged with aggravated assault by prisoner (Count 1), harassment – course of conduct with no legitimate purpose (Count 2), assault by prisoner – bodily fluid (Count 3), and recklessly endangering another person (Count 4).[2]

---

[1] 18 Pa.C.S.A. § 2703.1.

[2] 18 Pa.C.S.A. § 2703.1, 2709(a)(3), 2703(a)(2), and 2705, respectively.

Amended Information, 11/16/22. Appellant's criminal charges stemmed from an incident that occurred on April 19, 2022, involving a correctional officer who worked at the state correctional institution where Appellant was housed for an unrelated conviction. Appellant was arraigned on November 21, 2022, at which time he presented as a sovereign citizen and elected to proceed *pro se* upon waiver of the assistance of counsel. N.T., 11/21/22, at 6, 14. The trial court entered a plea of not guilty on behalf of Appellant since Appellant refused to enter his own plea. ***Id.*** at 14.

On April 6, 2023, the trial court appointed, *sua sponte*, standby counsel to assist Appellant. Trial Court Order, 4/6/23. On May 5, 2023, Appellant filed *pro se* a petition to dismiss his criminal charges, which the trial court subsequently denied on May 8, 2023. Trial Court Order, 5/8/23.

On May 22, 2023, Appellant pleaded guilty to one count of aggravated harassment by prisoner with the agreement that the Commonwealth would seek *nolle prosequi* of the remaining charges. On August 4, 2023, the trial court sentenced Appellant to 27 months' to 6 years' incarceration and ordered Appellant to, *inter alia*, pay a fine in the amount of $500.00. On August 9, 2023, the trial court ordered that Appellant's remaining criminal charges be *nolle prosed*. On August 10, 2023, Appellant filed *pro se* his notice of appeal.[3]

---

[3] In an August 25, 2023 *per curiam* order, this Court directed the trial court to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) to determine if Appellant waived the assistance of counsel on appeal. On October 24, 2023, the trial court found that, upon conducting a

- 2 -

Appellant filed *pro se* a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) on August 31, 2023, and filed a supplemental Rule 1925(b) statement on September 8, 2023. The trial court filed its Rule 1925(a) opinion on November 9, 2023.

Appellant raises the following issues for our review:

[1.] Whether [Appellant's] plea colloq[u]y was deficient [and violated his due process rights]?

[2.] Whether the [trial] court erred in failing to inquire into [Appellant's] ability to pay [a] fine?

[3.] Whether [Appellant's] mandatory minimum [sentence] is illegal in any respect?

Appellant's Brief at 4.

Appellant's first issue challenges the validity of his guilty plea on the ground that the trial court violated his due process rights by failing to adhere to the requirements of Pennsylvania Rule of Criminal Procedure 590(B)(2).[4] *Id.* at 7-8.

Preliminarily, we must review whether Appellant preserved his issue by first raising the issue before the trial court.

Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all

---

*Grazier* hearing, Appellant "freely, voluntarily, and intelligently waive[d] his right to [appellate] counsel." Trial Court Order, 10/24/23.

[4] Rule 590(B)(2) requires a trial court to "conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based." Pa.R.Crim.P. 590(B)(2).

non[-]jurisdictional defects except the legality of the sentence and the validity of the plea. **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008). In order to preserve an issue related to a guilty plea, an appellant must either "object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa. Super. 2002)[; **see also**] Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); [] Pa.R.A.P. 302(a) ([stating,] "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal.").

**Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 468-469 (Pa. Super. 2017) (original brackets omitted).

A review of the record reveals that Appellant did not challenge the validity of his guilty plea at the sentencing hearing or in a post-sentence motion. **See** N.T., 8/4/23, at 8-16; **see also** Trial Court Docket. Because Appellant did not raise a challenge to the validity of his guilty plea with the trial court and he is not permitted to do so for the first time on appeal, we find Appellant waived his first issue. **Monjaras-Amaya**, 163 A.3d at 468-469; **see also** Pa.R.A.P. 302(a).

Appellant's second and third issues raise a challenge to the legality of his sentence. Appellant contends that the trial court abused its discretion in imposing a $500.00 fine without first inquiring about Appellant's ability to pay the non-mandatory fine. Appellant's Brief at 9. Appellant further contends the trial court imposed an illegal sentence pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013) when it imposed a "mandatory minimum sentence" absent a jury's finding of facts that support the mandatory minimum sentence. **Id.** at 10-11.

"[U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014); *see also* 42 Pa.C.S.A. § 9781(a) (stating, "[t]he defendant or the Commonwealth may appeal as of right the legality of the sentence"). "[A] claim that there was no record of the defendant's ability to pay before the [trial] court constitutes a non[-]waivable challenge to the legality of the sentence." *Commonwealth v. Ford*, 217 A.3d 824, 827 (Pa. 2019) (citation and original quotation marks omitted). A mandatory minimum sentencing claim related to the United States Supreme Court's decision in *Alleyne*, *supra*, also presents a non-waivable legality of sentencing claim. *Commonwealth v. Ciccone*, 152 A.3d 1004, 1007 (Pa. Super. 2016) (*en banc*), *appeal denied*, 169 A.3d 564 (Pa. 2017).

"Issues relating to the legality of a sentence are questions of law[.]" *Commonwealth v. Ramos*, 197 A.3d 766, 768-769 (Pa. Super. 2018) (citation and original quotation marks omitted). "When the legality of a sentence is at issue, our standard of review over such questions is *de novo* and our scope of review is plenary." *Id.* (citation and original quotation marks omitted).

Our Supreme Court has held that "a sentence is illegal when the record is silent as to the defendant's ability to pay the [non-mandatory] fines imposed." *Ford*, 217 A.3d at 828, 831; *see also Commonwealth v. Lopez*,

280 A.3d 887, 909 (Pa. 2022). The **Ford** Court explained that Section 9726(c) of the Sentencing Code "requires record evidence of a defendant's ability to pay a non-mandatory fine even in a negotiated guilty plea context."[5] **Ford**, 217 A.3d at 831. Thus, a trial court is "without authority to impose non-mandatory fines absent record evidence that the defendant is or will be able to pay them." **Id.** at 829.

In the case *sub judice*, Appellant pleaded guilty to one count of aggravated harassment by prisoner, a third-degree felony. As part of his sentence, Appellant was required to pay a fine in the amount of $500.00. Section 1101(3) of the Sentencing Code states that a defendant "may be sentenced to pay a fine not to exceed [$15,000.00]" upon conviction of a third-degree felony. 18 Pa.C.S.A. § 1101(3). Thus, Section 1101 limits the fine that may be imposed upon conviction of a third-degree felony but does not mandate the imposition of a fine. **See Commonwealth v. Martin**, 205 A.3d 1247, 1252 (Pa. Super. 2019) (stating, Section 1101 defines the maximum fines). In imposing the non-mandatory fine of $500.00, the trial

---

[5] Section 9726(c) of the Sentencing Code states,

> The [trial] court shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

42 Pa.C.S.A. § 9726(c) (formatting modified).

court needed to first inquire about Appellant's ability to pay the fine. *Ford*, 217 A.3d at 829.

At the August 4, 2023 sentencing hearing, Appellant presented himself as a sovereign citizen and represented that he was at the sentencing hearing "by special appearance." N.T., 8/4/23, at 3, 8. After a contentious discussion in which Appellant, *inter alia*, requested that the trial court prove the existence of the crime to which Appellant pleaded guilty, together with the existence of an alleged debt,[6] the trial court stated,

> It's a crimes code violation, Section 2703.1, which you were told at the time of the plea.
>
> I now sentence you as follows. You will pay the costs of prosecution, an administrative fee of $250[.00] and a fine of $500[.00.]

N.T., 8/4/23, at 15. A review of the sentencing hearing transcript does not reveal an inquiry by the trial court into Appellant's ability to pay a fine. As such, we are constrained to vacate Appellant's sentence and remand for resentencing. In resentencing Appellant, if the trial court seeks to impose a fine, the trial court must first inquire into Appellant's ability to pay said fine, and, if convinced that Appellant can pay such a fine, the trial court may impose

---

[6] In terms of an alleged "debt" that Appellant believed he owed and his request to discharge the same, Appellant misunderstood the amended criminal information that listed the aforementioned criminal charges filed against him and the possible maximum sentences and maximum fines that could be imposed. Appellant believed this information created a debt, when, in fact, the information merely informed Appellant of the potential maximum sentences and maximum fines that could be imposed for each criminal charge.

a fine up to the statutory maximum of $15,000.00. *See* 18 Pa.C.S.A. § 1101(3).

As to Appellant's claim that the trial court imposed a mandatory minimum sentence in violation of *Alleyne*, *supra*, we find this argument to be of no avail. The record reveals that Appellant pleaded guilty to one count of aggravated harassment by prisoner, a third-degree felony. Appellant had a prior record score of 5 and an offense gravity score of 6. *See* Pre-Sentence Investigation Report. As such, the standard guidelines called for a minimum sentence of 21 to 27 months' incarceration. *See* 204 Pa.Code § 303.16(a) (effective Jan. 1, 2021, to Jan. 1, 2024). Here, the trial court sentenced Appellant to a minimum sentence of 27 months' incarceration. Contrary to Appellant's assertion, the trial court did not impose a mandatory minimum sentence that implicated *Alleyne*. Rather, the trial court merely imposed a minimum sentence within the recommended standard guidelines for the crime to which Appellant, with his prior record score and offense gravity score, pleaded guilty. *See Moury*, 992 A.2d at 171 (stating, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code"). Therefore, we discern no error or abuse of discretion in the imposition of a minimum sentence of 27 months' incarceration.

For the reasons set forth herein, we affirm Appellant's conviction and agree with the judgment of sentence in all aspects except the portion of the judgment of sentence imposing a fine of $500.00. As discussed *supra*, we

conclude that the fine imposed by the trial court constitutes an illegal sentence based upon the record before us.  Consequently, we are constrained to vacate the judgment of sentence and remand this case for resentencing.

Conviction affirmed.  Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 4/4/2024