J-S19035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEEM HAMMOND | : | |
| | : | |
| Appellant | : | No. 350 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 2, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005743-2018

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.:                          **FILED AUGUST 25, 2025**

Aleem Hammond ("Hammond") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following the revocation of his probation.  Hammond challenges the discretionary aspects of his sentencing.  We affirm in part and vacate in part.

On June 22, 2018, Hammond approached a woman from behind and grabbed and smacked her buttocks.  Shortly thereafter, Hammond approached a second woman from behind and grabbed her left breast.  Subsequently, the police attempted to arrest Hammond.  While being apprehended, Hammond charged an officer and attempted to tackle him.  Hammond also flailed, kicked, and punched the officers, harming one in the process.  He was eventually tased and arrested.

The Commonwealth charged him with numerous crimes.  Hammond agreed to enter a nolo contendere plea to simple assault and resisting arrest.

The trial court accepted the plea and sentenced Hammond to an aggregate term of four years of county probation. The trial court judge transferred the probation to New Jersey, Hammond's state of residence. On January 2, 2024, Hammond was found in technical violation of his probation for absconding and being uncooperative with the New Jersey probation department and was extradited to Pennsylvania. Following a hearing, the trial court revoked Hammond's probation and sentenced him to concurrent terms of eleven and one-half to twenty-three months of incarceration. On one of the counts, the trial court included a condition of no parole. Hammond filed a timely motion for reconsideration of sentence, which the trial court denied.[1] This appeal followed.

Hammond presents the following issue for our review:

Whether the lower court determination and Order of January 2, 2024, revoking [Hammond]'s probation for violating its terms and resentencing him to two concurrent sentences, where [Hammond] received an aggregated sentence of eleven and [one-]half to twenty-three months of incarceration on each charge to run concurrently with no parole, was an abuse of discretion where it failed to properly consider all of the sentencing factors of 42 Pa.C.S.[] § 9721(b) and/or any mitigating evidence when it imposed the VOP sentence?

Hammond's Brief at 8.

---

[1] The trial court indicates that the order denying the motion for reconsideration was never entered on the record. Trial Court Opinion 3/18/2025, at 1 n.2. However, the parties do not dispute that the motion was denied by operation of law.

Hammond challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspect of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (citation omitted); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1039 (Pa. Super. 2013) (noting there is "no distinction between discretionary sentencing claims generally and those that arise from revocation proceedings"). To invoke this Court's jurisdiction, Hammond must satisfy the following four-part test:

> (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

*Commonwealth v. Starr*, 234 A.3d 755, 759 (Pa. Super. 2020) (citation omitted). A substantial question is determined on a case-by-case basis and exists "only when the appellant advanced a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017).

> Hammond filed a timely appeal, a post-sentence motion, and has included a Rule 2119(f) statement in his brief. Further, Hammond's claim that the trial court imposed an excessive

sentence for a technical violation of probation raises a substantial question. ***See Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (finding that a trial court's imposition of total confinement for technical violations of probation raises a substantial question). The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

\* \* \*

If a condition of probation is not followed, subsection 9771(b) grants the court the authority to "revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S. § 9771(b). Upon revocation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing," ***id.***, although the court's ability "to order total confinement following a violation of probation is statutorily circumscribed" by subsection 9771(c).

***Starr***, 234 A.3d at 760-61 (case citations omitted).

Hammond argues that the sentence of total confinement for a technical violation of probation is excessive. Hammond's Brief at 14, 15-16. He claims that the trial court did not properly consider mitigating factors, including his physical disabilities, being confined to a wheelchair, or his rehabilitative needs. ***Id.*** at 15-16. Hammond further asserts that the prison term was not necessary to vindicate the trial court's authority and that it failed to consider any sentencing alternatives under section 9771. ***Id.*** at 16-17.

The record reflects that the trial court reviewed a summary of the New Jersey court's **_Gagnon II_**[2] hearing, noting that Hammond had been "AWOL from probation and bench warrants [] were issued due to non-compliance." N.T., 1/2/2024, at 6. Hammond "failed to acquire employment, pay mandatory court costs and supervision fees, and failed to report for office visits. They also reported that [] Hammond refused to provide any documentation or proof that he had been attending counseling." **_Id._** The trial court further noted that Hammond had not "completed treatment with Rutgers Behavioral Health" and failed to admit any wrongdoing for his underlying conviction. **_Id._** at 17. New Jersey Department of Probation "determined that supervision is not working … because [he] didn't report, they couldn't find [him], they couldn't do what they needed to do". **_Id._** The trial court considered Hammond's physical disability, acknowledging he is in a wheelchair, and recognized that he had housing in New Jersey. **_Id._** at 8, 12-13. It ultimately concluded, though, that because he had absconded and was out of compliance with the terms of his probation, he needed to be incarcerated. **_Id._** at 15-19.

We find no abuse of discretion. Contrary to Hammond's claims, the trial court considered his mitigating factors but found that they were outweighed by his failure to abide by the terms of his probation, including his failure to report. **_See_** Trial Court Opinion, 3/18/2025, at 9 (stating it was "well informed

---

[2] **_Gagnon v. Scarpelli_**, 411 U.S. 778 (1973).

of [Hammond's] physical disability, extended illness, New Jersey incarceration, and desire for employment"). The court found that "[i]ncarceration was necessary to vindicate the authority of the court given [Hammond]'s willful non-compliance with probation, rules, and court orders," as well as his failed attempts at rehabilitation. *Id.* at 7 (quotation marks omitted); *see also Commonwealth v. Colon*, 102 A.3d 1033, 1045 (Pa. Super. 2014) (concluding the trial court did not abuse its discretion in imposing a prison sentence after a probation violation where appellant's attempts at rehabilitation had failed and the sentence "was essential to vindicate the authority of the court"). Accordingly, the trial court did not abuse its discretion in imposing Hammond's revocation sentence, and he is not entitled to relief.

Our further review of this matter, however, reveals that Hammond's sentence is illegal. *See Commonwealth v. Ramos*, 197 A.3d 766, 768 (Pa. Super. 2018) (stating that this Court may raise and review an illegal sentence claim sua sponte). "Because the legality of a sentence presents a pure question of law, our scope of review is plenary, and our standard of review is de novo." *Commonwealth v. Derrickson*, 242 A.3d 667, 673 (Pa. Super. 2020) (citation omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated." *Id.* (citation omitted).

The record reflects that the trial court sentenced Hammond to eleven and one-half to twenty-three months of incarceration and imposed a condition of "no parole." Order of Sentence, 1/2/2024, at 1 (unnumbered); N.T., 1/2/2024, at 19. In addition to sentences of life in prison without parole, section 9756(c) of the Sentencing Code provides only one other sentence of incarceration that can be imposed without parole:

> **(c) Prohibition of parole for summary offenses.--**The court may impose a sentence to imprisonment without the right to parole under this subsection only when:
>
> > (1) a summary offense is charged;
> >
> > (2) sentence is imposed for nonpayment of fines or costs, or both, in which case the sentence shall specify the number of days to be served; and
> >
> > (3) the maximum term or terms of imprisonment imposed on one or more indictments to run consecutively or concurrently total less than 30 days.

42 Pa.C.S. § 9756(c). Section 9756(c) requires that "for defendants … who do not fall within the enumerated exceptions, the court must impose a sentence with a right *to be considered for* parole." **Stewart v. Pa. Bd. of Prob. and Parole**, 714 A.2d 502, 507 n.8 (Pa. Cmwlth. 1998) (emphasis in original).

Hammond's probation revocation sentence of eleven and one-half to twenty-three months in prison does not fall under section 9756(c). Therefore, there is no statutory authorization for this sentence, and the sentence must be vacated. **See Derrickson**, 242 A.3d at 673.

"[W]here a case requires a correction of sentence, this [C]ourt has the option of either remanding for resentencing or amending the sentence directly." *Commonwealth v. Martinez*, 153 A.3d 1025, 1033 (Pa. Super. 2016) (citation omitted). Further, if an appellate court can vacate an "illegal sentence without upsetting the trial court's overall sentencing scheme, it need not remand for resentencing." *Id.* (citation omitted).

Instantly, the only illegal part of Hammond's sentence is the prohibition of parole. The certified record before this Court indicates, however, despite the "no parole" order, the trial court granted Hammond parole while he was serving his sentence. *See* Release of Prisoner, 8/8/2024 ("Defense Motion for Early Parole is GRANTED for Medical Issues"). Thus, the illegal portion of the sentence did not impact Hammond's overall sentence. *See Martinez*, 153 A.3d at 1033. Under these circumstances, there is no need to remand for resentencing; we amend the sentence to strike the prohibition of parole from the sentencing order. Hammond's sentence, as amended, is otherwise affirmed.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>8/25/2025</u>