J-A16042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RACHE MOSES | : | |
| Appellant | : | No. 981 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 11, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007260-2015

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED OCTOBER 27, 2025**

Appellant, Rache Moses, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following the revocation of his probation. We vacate and remand for resentencing.

The relevant facts and procedural history of this case are as follows. On June 12, 2017, Appellant pled guilty to delivery of a firearm, possession with intent to distribute a controlled substance ("PWID"), and conspiracy. At the plea hearing, all parties agreed that the firearm and conspiracy charges were graded as felonies of the third degree. Due to a clerical error, the conspiracy conviction was recorded on the docket as a felony of the second degree. The court imposed the following sentence: 1) five years of probation on the PWID conviction; 2) one and a half years to five years' incarceration on the delivery of a firearm conviction; and 3) five years of probation on the conspiracy conviction. The sentences of probation were imposed consecutive to the

sentence of incarceration but concurrent to each other, resulting in an aggregate sentence of one and a half to five years' incarceration, followed by five years of probation. Based on Appellant's award of credit for time served, the certified record indicates that Appellant's probation began on September 7, 2020.

On February 4, 2022, the court held a violation of probation hearing on the grounds that Appellant had absconded and been arrested for another offense. The court found Appellant in violation of his supervision and resentenced him to seven to fourteen months' incarceration followed by three years of probation for each of the PWID and delivery of a firearm convictions, to be served concurrently. The court did not impose a new sentence on the conspiracy conviction and Appellant continued to serve the originally imposed term of probation on this charge. Following the hearing, Appellant was awarded credit for time served and immediately released.

On February 29, 2024, Appellant appeared before the court for another violation of probation hearing after he absconded and was arrested for additional offenses. The court revoked Appellant's probation and ultimately resentenced Appellant on March 11, 2024[1] as follows: 1) one and a half to three years' incarceration on the PWID charge, 2) three to six months' incarceration on the firearms charge, to be served concurrently, and 3) one

_____

[1] Prior to the March 11, 2024 sentence the court had imposed a sentence which contained an error. The court then vacated that sentence and imposed the March 11, 2024 sentence.

- 2 -

and a half to eight years' incarceration on the conspiracy charge, to be served consecutively.

Appellant filed a timely notice of appeal on March 27, 2024. On May 31, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following an extension, Appellant timely complied on July 8, 2024.

Appellant raises the following issues for our review:

> 1) Should this case be remanded since there was an illegal sentence on the charge of conspiracy of one and a half to eight years of incarceration? Was this sentence illegal since the conspiracy was only graded as a felony of the third degree where the maximum sentence was three and a half to seven years? Should the entire sentence be vacated and the case remanded for a new sentencing that is legal in nature? Should this Honorable Court vacate the entire sentence since [the trial court] was under the impression that [delivery of a firearm conviction] was a felony of the second degree as opposed to a felony of the third degree and because [the court] wrongly thought the conspiracy charge was a felony of the second degree as opposed to a felony of the third degree, therefore resulting in a harsher sentence due to the mistake?
>
> 2) Did [the trial court] err in [its] sentencing since [it] failed to properly weigh the balancing test required by 42 Pa. C.S.A. 9721(B) and the rehabilitative purpose of probation violation? Did [the trial court] fail to take into account [Appellant's] rehabilitative needs?
>
> 3) Should the case be remanded so that … Appellate counsel … can file a Motion to Modify and Reconsider the sentence?

(Appellant's Brief at 5-6).

In his first issue, Appellant asserts that the court was under the misconception that Appellant's conspiracy charge was graded as a felony of

the second degree due to the clerical error on the docket. Appellant argues that due to this error, the court imposed a sentence that is over the statutory maximum permitted for conspiracy graded as a felony of the third degree. Appellant concludes that the court imposed an illegal sentence following the revocation of his probation, and this Court must vacate the judgment of sentence. We agree.

A challenge to the legality of a sentence raises a question of law. **See Commonwealth v. Smith**, 956 A.2d 1029, 1033 (Pa.Super. 2008) (*en banc*). In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Childs**, 63 A.3d 323, 325 (Pa.Super. 2013). "An illegal sentence must be vacated[.]" **Commonwealth v. Ramos**, 197 A.3d 766, 769 (Pa.Super. 2018) (citation and quotation marks omitted). Moreover, assuming jurisdiction is proper, "a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa.Super. 2014) (citation omitted).

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

**Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa.Super. 2013) (citations

and quotation marks omitted).

Instantly, the Commonwealth and the trial court agree that the sentence imposed for Appellant's conspiracy conviction upon revocation of his probation exceeded the statutory maximum for a felony of the third degree. **See** 18 Pa.C.S.A. § 1103 (stating that court may not impose term of imprisonment for felony of third degree that is more than seven years). As such, the court's sentence of one and half to eight years' incarceration for Appellant's conspiracy conviction is illegal and must be vacated. **See Infante, supra**.

Additionally, we observe *sua sponte* another illegality in Appellant's sentence. Specifically, the court originally sentenced Appellant on June 12, 2017 for the delivery of a firearm conviction to one and a half to five years' incarceration. The court did not impose a term of probation on this charge. As such, Appellant was not serving a term of probation for the firearm conviction at the time of the 2022 probation revocation. In fact, the record suggests that, based upon Appellant's credit for time served, he had already finished serving the sentence for this crime at the time of his alleged violations. Moreover, to the extent that Appellant was on parole for the firearm conviction at the time of the offenses giving rise to the 2022 violation, the court could only recommit Appellant to serve the balance of his original sentence at the February 4, 2022 hearing. **See Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa.Super. 2008) (stating: "[T]here is no authority for a parole-revocation court to impose a new penalty. Rather, the

only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence"). As such, the court's imposition of a sentence of seven to fourteen months' incarceration and three years' probation on the firearm charge on February 4, 2022 was illegal. **See id. See also Infante, supra**. In turn, Appellant's subsequent sentences for this conviction are also illegal, as they flowed from the alleged violation of a probationary tail the court was not permitted to impose. **See id.** Because our disposition disrupts the court's overall sentencing scheme, we vacate the March 11, 2024 judgment of sentence in its entirety and remand for resentencing. **See Commonwealth v. Thur**, 906 A.2d 552, 569 (Pa.Super. 2006), *appeal denied*, 596 Pa. 745, 946 A.2d 687 (2008) (stating: "If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan").[2] Accordingly, we vacate and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction is relinquished.

---

[2] Based on our disposition, Appellant's second and third issues on appeal are moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/27/2025