**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW THOMAS ZIONS | : | |
| | : | |
| Appellant | : | No. 643 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 14, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002375-2024

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: DECEMBER 17, 2025**

Andrew Thomas Zions appeals from the judgment of sentence entered in the Court of Common Pleas of York County after he entered a negotiated guilty plea to criminal trespass and reckless burning or exploding.[1] On appeal, Zions challenges the sufficiency of the causal nexus to warrant the court's imposition of restitution for the loss attributed to damaged personal property. After careful consideration, we affirm in part and vacate and remand in part.

The trial court accurately summarized the pertinent factual and procedural history of the matter as follows:

> On March 11, 2024, at approximately 6:24 a.m., officers from the Penn Township Police Department responded to a reported structure fire at 795 Cherry Tree Court, Hanover, Pennsylvania, the premises of the Cherry Tree Surgical Center. Upon arrival, emergency personnel discovered that the front glass door had

---

[1] 18 Pa.C.S.A. §§ 3503(a)(1)(ii) and 3301(d)(1), respectively.

been shattered. An unknown male was located inside the building and subsequently identified as [Appellant], Andrew Zions.

An investigation revealed that [Zions] had unlawfully entered the building by breaking the front glass door and intentionally set a fire inside the structure. Recovered evidence included a cellphone plugged into an improvised cord made from other cut cords within the premises, lighters, soda cans, socks, and insoles—indicating that the space had been used for shelter. As a result, [Zions] was charged with arson, burglary, criminal trespass, criminal mischief, resisting arrest, and disorderly conduct.[2]

On December 30, 2024, [Zions] entered a guilty plea to one count of criminal trespass [] and to an amended Count 7 of reckless burning or exploding[.] The remaining charges were dismissed as part of the negotiated plea agreement. It was determined during the plea proceedings that a restitution hearing would be scheduled later.[3]

A restitution hearing was held on April 14, 2025. The court heard testimony from the following individuals: Dr. Carl May, the property owner and victim; Bobbie Wylie, a representative of Servpro, an independent agency working with Selective Insurance; George Dickover, an employee of Selective Insurance; and [Zions].

Dr. May testified that the building at 795 Cherry Tree Court is a standalone structure, half of which serves as a surgical center while the other half was designed for a separate medical practice. At the time of the incident, the rental space was unoccupied and being used for storage of office, cleaning, and surgical supplies. Due to the smoke damage from the fire, Dr. May was unable to

_____

[2] 18 Pa.C.S.A. §§ 3301(a)(1)(i), 3502(a)(4), 3503(a)(1)(ii), 3304(a)(1), 5104, and 5503(a)(1), respectively.

[3] The court imposed a concurrent sentence of 1 to 23 months' confinement on each count plus costs and a mental health evaluation. **See** Sentence Order, 12/30/24. Additionally, the court imposed a sentence of restitution in the amount of $500 to be paid to Dr. Carl May and $100,272.87 to be paid to Selective Insurance. **See id.** The court's initial sentencing order also included a provision scheduling a restitution hearing for February 13, 2025. **See id.** However, the matter was continued, and the hearing was rescheduled.

recover several boxes of surgical supplies, including those used in cataract procedures. He explained that based on guidance from his surgical administration group, none of the exposed supplies could be used, regardless of whether the packaging appeared intact, because of the heightened sensitivity associated with ocular surgery.

Bobbie Wylie testified that an inventory of the damages was compiled and submitted by Dr. May to Enservio, a third-party vendor. Enservio validated the submitted items and pricing, which Servpro used to compile the damage summary relied upon for insurance disbursement.

George Dickover testified that a field adjuster, rather than Servpro alone, prepared the reconstruction estimate and determined the value of the damaged supplies, which were then reimbursed by the insurer. Though Dickover did not personally view the damaged supplies, he affirmed that the assessment and payment were carried out by licensed adjusters employed by Selective Insurance.

[Zions] testified that he had ignited toilet paper in a garbage can, which triggered the smoke alarm. He attempted to extinguish the fire using water from another garbage can, but the fire continued to burn and melt[ed] items in the area. He confirmed that he alone had lit the fire in the office space.

Based on this testimony, the court found that [Zions'] conduct directly resulted in the destruction of surgical supplies, valued at $24,194[.31]. This amount was subsequently reimbursed by Selective Insurance.

Trial Court Opinion, 6/17/25, at 1-2 (unnecessary capitalization omitted). The court also determined that Zions' conduct directly resulted in damage to the property requiring remediation and repair work valued at $76,078.56 and that the amount paid by Selective Insurance would not have been necessary but for Zions' criminal conduct. *See* N.T. Restitution Hearing, 4/14/25, at 66-67. At the conclusion of the hearing, the court entered an order imposing

restitution in the amount of $100,272.87 to be paid to Selective Insurance and $500 to Dr. May and stating that all other terms of and conditions of the sentence previously imposed remained in effect. **See** Restitution Order, 4/14/25.

Zions timely filed a notice of appeal from his judgment of sentence made final by the court's April 14, 2025 order granting restitution.[4] Both Zions and the trial court have complied with Pa.R.A.P. 1925. **See** Pa.R.A.P. 1925(a), (b).

On appeal, Zions raises the following question for our review:

Did the sentencing court err in ordering restitution for damage to surgical supplies where the Commonwealth failed to present sufficient evidence to show a direct causal connection between [Zions'] conduct and an actual loss because the only evidence presented as to actual damage caused to the unopened supplies was speculative?

Appellant's Brief, at 4.

Zions does not challenge the amount of restitution assessed against him but rather alleges that the court lacked authority to order restitution for the surgical supplies at all because the Commonwealth failed to establish a

_____

[4] Where the parties clearly intend to bifurcate the sentencing proceedings, and the court imposes a placeholder restitution amount at the initial sentencing hearing "without considering whether the Commonwealth's evidence supported that amount until the subsequently scheduled hearing[,]" the judgment of sentence is not finalized until the restitution order is entered at the conclusion of the restitution hearing. **Commonwealth v. Rapp**, 331 A.3d 17, 23-24 (Pa. Super. 2025) (applying **Commonwealth v. Cochran**, 244 A.3d 413 (Pa. 2021)) (footnote omitted). Accordingly, Zions' appeal was properly taken from the court's April 14th order that finalized his judgment of sentence.

sufficient causal nexus between his criminal conduct and the actual loss incurred. **See** Appellant's Brief, at 9. Specifically, Zions contends that the only evidence the Commonwealth presented to show "that the smoke from the fire set by [him] caused damage to the unopened supplies was speculative." **Id.** at 10.[5]

"Restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of a sentence." **Commonwealth v. Peugh**, 257 A.3d 1260, 1268 (Pa. Super. 2021) (brackets and citations omitted). "A challenge to the trial court's authority to impose a sentence of restitution based on its finding that the restitution was a direct result of the criminal conduct is a challenge to the legality of the sentence." **Commonwealth v. Risoldi**, 238 A.3d 434, 461 n.23 (Pa. Super. 2020) (citation omitted).

---

[5] While an allegation that restitution is speculative is typically raised in the context of a challenge to the amount of restitution, **see Commonwealth v. Royal**, 312 A.3d 317, 325 (Pa. Super. 2024), Zions does not allege that the amount of restitution imposed was speculative. **See** Appellant's Brief, at 9-13. Rather, Zions disputes whether the surgical supplies were actually damaged and contends that the evidence offered to establish damage to the surgical supplies and to support the imposition of restitution was speculative, which we construe as a challenge to the legality of his restitution sentence. Regardless, Zions would not be entitled to relief on a challenge to the amount of restitution awarded, as such a claim implicates the discretionary aspects of sentencing, and he fails to invoke our jurisdiction to review the merits of any such claim because his brief contains a fatal defect and he failed to preserve the issue at sentencing or in a post-sentence motion. **See Commonwealth v. Solomon**, 247 A.3d 1163, 1167 (Pa. Super. 2021) (*en banc*); Pa.R.A.P. 2119(f).

When reviewing the legality of a [restitution] sentence, we apply a plenary scope and de novo standard of review.

Section 1106 of the Crimes Code governs the imposition of restitution[ and requires] that upon conviction for any crime wherein the value of property of a victim has substantially decreased as a direct result of the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor. 18 Pa.C.S.[A.] § 1106(a)(1).

This Court has interpreted the phrase "as a direct result of the crime" to require a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable. There must exist a direct causal connection between the crime and the loss. Courts apply a "but for" test to determine if a direct causal connection exists between the defendant's criminal conduct and a loss. The test asks if the damages would have occurred but for the defendant's criminal conduct.

*Commonwealth v. Stoops*, 290 A.3d 721, 723-24 (Pa. Super. 2023) (case citations, footnote, some quotation marks, and brackets omitted). Notably, Section 1106 does not specify the quantum of evidence required to establish a victim's loss. *See Solomon*, 247 A.3d at 1170. However, as this Court recently explained, "[c]ases in which a restitution award is deemed illegal as speculative[] typically arise when the crime has no obvious connection to the restitution" and "the Commonwealth seeks to link uncharged conduct to a loss suffered by the victim." *Rapp*, 331 A.3d at 25 (finding "no disconnect between crime and restitution" where appellant merely claimed that "the loss that flowed from his proven conduct was not sufficiently established"); *compare Risoldi*, 238 A.3d at 464-65 (vacating portion of restitution sentence that was based upon damages attributable to criminal conduct of which appellant was acquitted). Where an order of restitution "has a direct nexus to the crime and

is supported by the record, this Court has accepted a wide range of restitution determinations as authorized by § 1106." ***Solomon***, 247 A.3d at 1172.

Zions' argument is premised on his contention that the Commonwealth failed to offer any evidence to establish that the sterile surgical supplies were compromised by smoke damage and required replacement. ***See*** Appellant's Brief, at 10. We disagree.

Here, Zions pled guilty to criminal trespass and reckless burning or exploding, and the court imposed restitution in the amount of $500 to compensate Dr. Mays for the insurance deductible expense he would not have incurred and $100,272.87 to compensate Selective Insurance for the property damage claim it would not have incurred but for Zions' criminal conduct. ***See*** N.T. Restitution Hearing, 4/14/25, at 66. At the restitution hearing, the court specified that of the $100,272.87 to be paid to Selective Insurance, $24,194.31 was attributable to the personal property damage Zions caused to the surgical supplies, while $76,078.56 was attributable to real property damage requiring remediation and repair. ***See id.*** at 67. We discern no error by the trial court in determining that the Commonwealth established a sufficient causal nexus to warrant the imposition of restitution for the surgical supplies. As the trial court cogently explained:

> In this case, [Zions'] conduct, specifically the reckless burning, was clearly the but-for cause of the loss. Dr. May's unrebutted testimony confirmed that due to the exposure to smoke, surgical supplies necessary for medical procedures, particularly cataract surgery, had to be destroyed and replaced. Further, the valuation and payment of the claim by Selective Insurance were premised

upon the findings of independent adjusters and verified through an objective third-party review process. The evidence demonstrates that the loss was not speculative, but rather directly and demonstrably tied to [Zions'] conduct.

Trial Court Opinion, 6/17/25, at 3.

Moreover, Zions does not claim that the order of restitution was speculative because it is linked to uncharged conduct or that his criminal conduct "has no obvious connection to the restitution" imposed. *See Rapp*, 331 A.3d at 25. Rather, he merely alleges that "the loss that flowed from his proven conduct was not sufficiently established[,]" *see id.*, and ignores Dr. Mays' testimony, which the court found credible, that the supplies were compromised and rendered unusable by exposure to smoke. Therefore, Zions' challenge to the legality of his sentence based on the sufficiency of the evidence lacks merit because the restitution imposed has a direct nexus to his criminal conduct and is supported by the record. *See Solomon*, 247 A.3d at 1172. Accordingly, Zions is not entitled to his requested relief on this basis.

However, based on our review of the record, we find that the restitution provision of Zions' sentence is illegal and must be vacated on an independent basis. Pursuant to Section 1106, when sentencing a defendant to mandatory restitution, the court must "specify the amount and method of restitution" imposed "at the time of sentencing[.]" 18 Pa.C.S.A. § 1106(c)(2). Regarding the method of restitution, Section 1106 further provides that the court "[m]ay order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just." 18 Pa.C.S.A. 1106(c)(2)(ii). "Failure to

- 8 -

comply with Section 1106(c)(2) results in an illegal sentence." ***Royal***, 312 A.3d at 325 (citation omitted). "Issues concerning a court's statutory authority to impose restitution implicate the legality of the sentence[,]" and may be raised and reviewed by this Court *sua sponte*. ***Commonwealth v. Ramos***, 197 A.3d 766, 768 (Pa. Super. 2018) (citation omitted). Accordingly, our standard of review is de novo, and our scope of review is plenary. ***See Stoops***, 290 A.3d at 723.

The record reflects that at Zions' restitution hearing, the court imposed a sentence of restitution and specified the amount to be paid to each party but failed to specify a corresponding method of payment. ***See*** N.T. Restitution Hearing, 4/14/25, at 67. Similarly, neither the court's initial sentencing order entered December 30, 2024, nor its restitution order entered April 14, 2025, which finalized his judgment of sentence, specified a method of payment. Therefore, we are constrained to find that the sentencing court's failure to specify the method of payment at the time of Zions' sentencing renders the order of restitution an illegal sentence. Accordingly, we vacate the provision of Zions' judgment of sentence imposing restitution. ***See Royal***, 312 A.3d at 326.

For the foregoing reasons, we affirm Zions' judgment of sentence in part and vacate with respect to the order of restitution. We remand for resentencing for the limited purpose of reimposing restitution in accordance

with the mandates of Section 1106 and making an on-the-record specification as to the method of payment.

Judgment of sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/17/2025